IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| OSVALDO URIEL HERNANDEZ ALVAREZ,<br><br>*Petitioner*,<br><br>v.<br><br>BRET BRADFORD, FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS, HOUSTON FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, ACTING DIRECTOR FOR U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, U.S. ATTORNEY GENERAL; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; ALEXANDER SANCHEZ, WARDEN OFIAH SECURE ADULT DETENTION FACILITY,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:26-CV-00299<br>JUDGE MICHAEL J. TRUNCALE |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Osvaldo Uriel Hernandez Alvarez ("Hernandez Alvarez")'s

Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition

is **DENIED**.

### I. BACKGROUND

Petitioner Osvaldo Uriel Hernandez Alvarez is a Mexican national. [Dkt. 1 at ¶ 12]. On

August 2, 2025, United States Immigration and Customs Enforcement ("ICE") detained

Hernandez Alvarez. *Id.*

1

On April 27, 2026, Hernandez Alvarez brought a second habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution. [Dkt. 1]. Because he could not have brought this claim in his first petition, the current petition is not an abuse of the writ. *See id.*

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A.  Due Process

Hernandez Alvarez challenges the Government's authority to detain him while removal proceedings are pending, specifically asserting that his detention is unduly prolonged. [Dkt. 1]. His challenge is misplaced for a few reasons. At least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Hernandez Alvarez argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Hernandez Alvarez is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a).

2

Even more, the Fifth Circuit recently considered and rejected similar arguments. In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit found that the mandatory detention procedures in § 1225(b)(2)(A) apply to aliens who have entered the United States without inspection and have been subsequently detained. 166 F.4th 494 (5th Cir. 2026). It is of no moment that prior administrations' policy approaches were different; the statute's text controls. *See id.* While Hernandez Alvarez contests the length of his detention, the cases he cites do not consider prolonged detention in the 1225(b)(2) context—which, as previously mentioned, provides for *mandatory* detention. [*See* Dkt. 1 at ¶ 25].

## IV. CONCLUSION

It is therefore **ORDERED** that Hernandez Alvarez's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 7th day of May, 2026.**

_____
Michael J. Truncale
United States District Judge

3